IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY E. KORNAFEL,  :  Plaintiff,  : | |
| : | |
| v.   : | CIVIL ACTION NO. 22-CV-3684 |
| : | |
| PENNSYLVANIA COURT OF  : COMMON PLEAS, *et al.*,  : Defendants.  : | |

**MEMORANDUM**

**SÁNCHEZ, C.J.**                                                                                             **OCTOBER 5, 2022**

Currently before the Court are a Motion to Proceed *In Forma Pauperis* and a civil Complaint filed by Plaintiff Stanley E. Kornafel that raises claims based on an alleged judicial conspiracy to cause Kornafel to lose a landlord-tenant case brought against him in the Delaware County Court of Common Pleas. (ECF Nos. 1 & 4.) For the following reasons, the Court will grant Kornafel proceed *in forma pauperis*, dismiss his Complaint with prejudice, and order him to show cause as to why he should not be enjoined from filing additional cases about the conspiracy alleged in the Complaint.

I.   **FACTUAL ALLEGATIONS AND LITIGATION HISTORY**[1]

This is the third civil action filed by Kornafel based on the underlying landlord-tenant case.

---

[1] The following facts are taken from the Complaint and the publicly available dockets for prior civil actions filed by Kornafel, of which this Court takes judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings).

In 2018, Kornafel filed a civil rights action against his former landlord, her attorney and three judges of the Delaware County Court of Common Pleas — Judges G. Michael Green, Christine F. Cannon[2] and Spiros E. Angelos — "based on litigation in state court between Kornafel and his landlord." *Kornafel v. Galloway*, No. 18-3241, 2018 WL 3732680, at *1 (E.D. Pa. Aug. 3, 2018). Kornafel alleged that "the arbitrators and state court judges who presided over the case treated him unfairly, were biased, conspired with [his landlord] and/or [her attorney], and violated his constitutional rights in connection with the manner in which they presided over his case." *Id.* After granting Kornafel leave to proceed *in forma pauperis*, the Honorable C. Darnell Jones, II, dismissed the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Kornafel's claims against the state judges were barred by absolute judicial immunity and because Kornafel failed to allege a plausible conspiracy. *Id.* at *2-*3. Kornafel's claims against the judges were dismissed with prejudice, but he was granted leave to file an amended complaint as to his claims against the other defendants. *Id.* at *3.

Kornafel filed an amended complaint again naming Judges Green, Cannon, and Angelos, as well as his landlord's attorney, which made clear that his case was "predicated on his dissatisfaction with the manner in which his case was handled in state court, and his belief that he lost due to a conspiracy between the judges and opposing counsel." *Kornafel v. Galloway*, No. 18-3241, 2018 WL 4096174, at *2 (E.D. Pa. Aug. 24, 2018), *aff'd,* 804 F. App'x 152 (3d Cir. 2020). Judge Jones dismissed Kornafel's amended complaint without further leave to amend because he failed to state a plausible conspiracy, asserted claims barred by absolute judicial immunity, and appeared to seek reversal of the state court's judgment. *Id.* at *2-*4. Kornafel appealed, and the United States Court of Appeals for the Third Circuit affirmed the

---

[2] Judge Cannon's name was misspelled as "Gannon."

dismissal of his claims on May 15, 2020. *Kornafel v. Galloway*, 804 F. App'x 152, 153 (3d Cir. 2020) (*per curiam*).

On September 18, 2020, Kornafel filed a new civil action, labeled a "criminal complaint," raising claims against Judges Green, Cannon, and Angelos, and his landlord's attorney, based on the same underlying landlord-tenant case. *Kornafel v. Green*, No. 20-4687, 2020 WL 6118786, at *1 (E.D. Pa. Oct. 15, 2020). The complaint essentially alleged that the judges and attorney conspired "to deny him due process in [the] landlord-tenant dispute." *Id*. Judge Jones, who also presided over Kornafel's second lawsuit, granted Kornafel leave to proceed *in forma pauperis* and dismissed his complaint with prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii). *Id*. Judge Jones observed that "[b]ecause the . . . claim against the judicial Defendants[] has been adjudicated in a final order, that decision is *res judicata* and Kornafel may not reassert it in a new lawsuit." *Id.* at *4. Judge Jones also noted that Kornafel had recently been enjoined from filing "repetitive malicious lawsuits" in another case[3] and warned him "that filing future cases against the named Defendants in this case based on the same set of facts will result in another pre-filing injunction." *Id.* at *4 n.4. Kornafel's petition to reopen that case was denied. *Kornafel v. Green*, Civ. A. No. 20-4687 (E.D. Pa.) (Oct. 29, 2020 Order) (ECF No. 11).

In the instant civil action, which was filed on September 9, 2022, Kornafel again brings claims pursuant to 42 U.S.C. § 1983 and § 1985(3), against Judges Angelos, Cannon, and Green, and also named the "Pennsylvania Court of Common Pleas" and Delaware County as

---

[3] To date, two pre-filing injunctions have been entered against Kornafel based on his pattern of filing repetitive lawsuits after his claims have been dismissed. *See Kornafel v. U.S. Postal Serv.*, Civ. A. No. 20-4503 (E.D. Pa.) (Oct. 5, 2020 Order) (ECF No. 5); *Kornafel v. Del Chevrolet*, Civ. A. No. 20-4991 (E.D. Pa.) (Jan. 4, 2021 Order) (ECF No. 8).

3

Defendants. (Compl. at 1.) As in his prior cases, Kornafel alleges that he was "deprived of justice and cannot receive fair due process having been discriminated against and prevented from freely speaking his full case," in connection with the landlord-tenant case filed against him in the Delaware County Court of Common Pleas. (*Id.*) Kornafel alleges that the Defendant-Judges were biased and mishandled the case in various respects. (*Id.* at 1-5.) He seeks monetary compensation as a result. (*Id.* at 6.)

## II.     STANDARD OF REVIEW

The Court grants Kornafel leave to proceed *in forma pauperis* because it appears that he is not capable of prepaying the fees to commence this civil action. Accordingly, the Court must dismiss Kornafel's Complaint if, among other things, it fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id*. "With respect to affirmative defenses, such as res judicata, dismissal is proper if application of the defense is apparent on the face of the complaint; [the Court] may also look beyond the complaint to public records, including judicial proceedings." *Weinberg v. Scott E. Kaplan, LLC*, 699 F. App'x 118, 120 n.3 (3d Cir. 2017); *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (*per curiam*) (observing that "*[r]es judicata* is a proper basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)"). Because Kornafel is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III.     DISCUSSION

#### A. Claims Against the Judges

Kornafel's claims against Judges Angelos, Cannon and Green are barred by absolute judicial immunity and by claim preclusion.  As explained to Kornafel in his prior cases, since Kornafel sued these judges based on acts taken in their judicial capacity while presiding over the landlord-tenant case, the judges are entitled to absolute judicial immunity from those claims. *Kornafel*, 804 F. App'x at 153 (judicial immunity applied because "the record reflects that Kornafel's claims against the judges are based on their actions in their judicial capacities"); *Kornafel*, 2020 WL 6118786, at *3 ("Any amendment of the § 1985 claim against the judicial Defendants would be futile because judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.").  In any event, these claims are also barred by claim preclusion, which prevents parties from raising issues that could have been raised and decided in a prior case regardless of whether those issues were litigated.  *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021).  Three elements are required for claim preclusion to apply:  "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."  *Marmon Coal Co. v. Dir., Office Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted).  As previously explained to Kornafel, since he raised the same claims against these Judges in prior lawsuits, and since those claims were dismissed with prejudice, he is barred from reasserting those claims in a later lawsuit.  *Kornafel*, 2020 WL 6118786, at *4.

### B. Claims Against the Court of Common Pleas

Kornafel has also failed to state a claim against the "Pennsylvania Court of Common Pleas," which presumably refers to the Delaware County Court of Common Pleas, *i.e.*, the Court in which the underlying lawsuit was filed. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). States are not considered "persons" who may be liable under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court when the state has not waived that immunity, *id.*, and the Commonwealth of Pennsylvania has not waived that immunity for civil rights claims. *See* 42 Pa. Cons. Stat. § 8521(b).

Since Pennsylvania's courts are arms of the Commonwealth that share in the Commonwealth's Eleventh Amendment immunity, and are not considered "persons" subject to liability under § 1983, Kornafel's civil rights claims against this Defendant fail. *See Karns v. Shanahan*, 879 F.3d 504, 519 (3d Cir. 2018) (noting that "'[s]tates or governmental entities that are considered "arms of the State" for Eleventh Amendment purposes' are not 'persons' under § 1983") (quoting *Will*, 491 U.S. at 70)); *Kokinda v. Pa. Dep't of Corr.*, 779 F. App'x 944, 948 (3d Cir. 2019) (*per curiam*) ("The District Court properly concluded that Kokinda's claimed violations of §§ 1983, 1985(3), and 1986 against the DOC [a Commonwealth entity] and the individual prison staff members sued in their official capacities are barred by the Eleventh Amendment."); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (holding that Pennsylvania's Judicial Districts are entitled to immunity from suit under the Eleventh Amendment). Additionally, Kornafel has failed to plead a plausible basis for a claim under §

1985(3) because he has neither alleged a plausible conspiracy nor adequately alleged that any actions taken against him as a result of the claimed conspiracy were motivated by race or class-based discrimination. *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997) (explaining that to state a plausible claim under § 1985(3) a plaintiff must allege the following elements: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States); *see also Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009) (*per curiam*) ("'A conspiracy cannot be found from allegations of judicial error, ex parte communications (the manner of occurrence and substance of which are not alleged) or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions.'") (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1480-81 (10th Cir. 1990)).

### C. Claims Against Delaware County

Kornafel has also failed to state a claim against Delaware County. Kornafel does not raise any specific allegations against Delaware County and, rather, appears to have included Delaware County as a Defendant because it is the county in which his underlying lawsuit took place. However, the Delaware County Court of Common Pleas is part of the Commonwealth's unified judicial system and is therefore an agency of the Commonwealth rather than a local agency. *See Benn*, 426 F.3d at 235 n.1 & 241. Since it appears that Kornafel sued Delaware County as a Defendant based on the mistaken belief that the county is responsible for the events that took place in his Pennsylvania state court judicial proceeding, his claims against it are implausible. *See Scheib v. Pennsylvania*, 612 F. App'x 56, 59 (3d Cir. 2015) (*per curiam*) ("It

appears that [plaintiff] named the County as a defendant because she mistakenly believes that the Allegheny County Court of Common Pleas is a County entity. As the District Court correctly noted, however, the court is a Commonwealth—not County—entity. . . . Therefore, [plaintiff's] claims against the Court of Common Pleas are . . . barred by the Eleventh Amendment."). In any event, Kornafel has failed to allege that a policy or custom of Delaware County caused the alleged violations of his rights, as he would need to do to state a claim under § 1983, *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009), or allege a plausible race-based conspiracy sufficient to state a plausible claim under § 1985(3), as noted above.

### D. Pre-Filing Injunction

Since Kornafel has exhibited a pattern of filing repetitive lawsuits about the same subject matter, the Court will direct him to show cause as to why he should not be subject to a pre-filing injunction prohibiting him from filing any further cases about the underlying landlord-tenant case. Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *see also In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). The "broad scope" of this power is limited by "two fundamental tenets of our legal system — the litigant's rights to due process and access to the courts." *Brow*, 994 F.2d at 1038. The Third Circuit has held that district courts "must comply with the following requirements when issuing such prohibitive injunctive orders against pro se litigants." *Id.* First, the Court should not restrict a litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.*; *see also Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989). Second, the Court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Brow*, 994 F.2d at 1038; *see also Gagliardi v.*

*McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987).  Third, the scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the [ ] Court."  *Brow*, 944 F.2d at 1038; *see also Chipps v. United States Dist. Ct. for the Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989).

As already explained in detail above, this is the third lawsuit that Kornafel has brought based on his dissatisfaction with how the landlord-tenant case was handled in state court.  Although his claims were dismissed with prejudice, he refiled those claims despite having been informed that they lacked a legal basis.  He also did so despite having been warned that if he continued to file lawsuits about this subject matter, he could be subjected to a prefiling injunction.  Indeed, two such injunctions have already been imposed upon Kornafel due to his failure to heed similar warnings in the past.  *See supra* n.3.  Accordingly, Kornafel will be directed to show cause as to why he should not be enjoined from filing new lawsuits about the underlying landlord-tenant case.  *See Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990) ("When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction . . . .").

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Kornafel leave to proceed *in forma pauperis*, dismiss his Complaint, and direct him to show cause as to why the Court should not impose a prefiling injunction upon him.  Kornafel is not given leave to file an amended complaint because amendment would be futile.  An appropriate Order follows.

                                                    **BY THE COURT:**

                                                   /s/ Juan R. Sánchez
                                                 **JUAN R. SÁNCHEZ, C.J.**